UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH GRAY (#114113)

VERSUS                                              CIVIL ACTION

DARYL VANNOY, ET AL                                 NUMBER 09-424-JVP-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 14, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH GRAY (#114113)

VERSUS                                              CIVIL ACTION

DARYL VANNOY, ET AL                                 NUMBER 09-424-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's Motion for Summary Judgment. Record document number 17. The motion is opposed.[1]

On November 10, 2009, the plaintiff was placed on notice that the court was considering granting summary judgment in favor of the non-moving defendants.[2] Plaintiff was granted 10 days to supplement his motion for summary judgment to demonstrate the existence of a disputed issue of material fact or an adequate legal basis to maintain his claims against the defendants. In response to the court's order, the plaintiff filed a Supplement to Summary Judgment,[3] which included an affidavit of inmate Arthur Ray Robinson, and separately filed the affidavit of inmate Charles Spears.[4]

---

[1] Record document number 25.

[2] Record document number 26.

[3] Record document number 27.

[4] Record document number 33.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Daryl Vannoy, Leslie Dupont and Kevin Benjamin. Plaintiff alleged that on November 20, 2008, he was issued a disciplinary report and was placed in administrative segregation pending an investigation into alleged wrongdoing. Plaintiff alleged that while confined in administrative segregation he was subjected to unconstitutional conditions of confinement. Plaintiff alleged that after he was released from administration segregation he was reassigned to a job inside the compound and was transferred to a dormitory that permitted smoking.

Plaintiff moved for summary judgment relying on copies of a transfer information record, incentive pay log, a newspaper article on the risks of secondhand smoke and the affidavits of Arthur Ray Robinson and Charles Spears.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that on November 20, 2008, he was issued a disciplinary report for threat to security and was placed in administrative lockdown pending an investigation into allegations

2

that he was planning to escape from custody. Plaintiff alleged that the allegations were found to be without merit by the Investigative Services Department but that Assistant Wardens Vannoy, Dupont and Benjamin conducted an additional investigation before releasing the plaintiff from administrative lockdown.

An inmate may be placed in administrative lockdown pending completion of an investigation into misconduct charges against him. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

Plaintiff alleged that he was subjected to unconstitutional conditions of confinement while confined in administrative lockdown. Specifically, the plaintiff alleged that he was not allowed to retrieve his personal belongings before being transferred to administrative lockdown. Plaintiff alleged that he did not receive a toothbrush, toothpaste or toilet paper for three days. Plaintiff alleged that he showered without a towel, had to walk on cold concrete floors for 11 days and was exposed to chemical irritant sprayed on other inmates. Plaintiff alleged that after he was transferred out of administrative lockdown, he was exposed to second-hand tobacco smoke for one week.[5]

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is

---

[5] In his Supplement to Summary Judgment, the plaintiff alleged that he was exposed to the second-hand tobacco smoke for 15 days.

characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[6]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

Plaintiff did not allege, nor is there any evidence, that he was deprived of a single, identifiable human need resulting from his exposure to conditions in administrative lockdown and the smoking unit. Although the plaintiff argued that his exposure to second-hand tobacco smoke for approximately two weeks aggravated his sinus and allergy problems, there is no summary judgment evidence that the plaintiff required any medical treatment for his exposure to these conditions while confined in administrative lockdown and the smoking unit.

---

[6] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure," the requisite intent rises to "acting 'maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. 294, 111 S.Ct. at 2321.

4

Plaintiff alleged that after he was released from administrative lockdown he was assigned to a job inside the prison compound and was transferred to a different dormitory.

Classification of inmates in Louisiana is the duty of the Louisiana Department of Corrections and inmates have no right to a particular classification under state law.  *McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979.)  Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security.  *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

Defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the defendants be granted summary judgment and this matter be dismissed.

Baton Rouge, Louisiana, January 14, 2010.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE